CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN A. HUFFMAN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00788 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SHERIFF E. GRANT KILGORE, et al.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |
| ) | |

*Jullian A. Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendants performed an unconstitutional strip search on camera and seeks monetary damages and injunctive relief. Upon review, I conclude that the § 1983 action must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pro se complaint must

be "liberally construed," it may be dismissed if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Huffman's allegations implicate the Fourth Amendment's protection against unreasonable searches and seizures. U.S. Const. amend. IV. While prisoners retain limited Fourth Amendment rights, their interests must be balanced against the officials' legitimate security interests. *Bell v. Wolfish*, 441 U.S. 520, 557-60 (1979) (rejecting a Fourth Amendment claim that prison officials must have probable cause to lawfully require visual body cavity search of detainee after contact visits and determining that such searches require a test of reasonableness).

In asserting a Fourth Amendment claim, Huffman states that he, along with other inmates, were "strip searched in the old jury room by the Wise Co. Sheriff's Office, Court Security, and the Southwest Virginia regional jail transport officer Daughtery."[1] Am. Compl. 2, Dkt. No. 8. He claims that "allegedly" another inmate

---

[1] Huffman states that the officers present were Sgt. McCarthy, Deputy Arnold and Officer Daughtery. Am. Compl. 3, Dkt. No. 8. In addition to those officers, Huffman names Sheriff E. Grant Kilgore, Capt. Steven Gullet, and Officer Hale as defendants but

2

"had picked up contraband on the sidewalk upon arrival outside of the Wise Co. Court house," and takes issue with a camera that appeared to be recording the strip search. *Id.* at 3. As relief, Huffman seeks "[c]ompensation of $50,000+, officers to be fined, video footage [to] be deleted off record, apology letters and any other relief that may be granted." *Id.* at 4.

Huffman's Complaint fails to state a claim that the strip search conducted was in any way unreasonable, particularly where he states that one of the inmates had potentially obtained illicit substances before entering the courthouse. *See Bell*, 441 U.S. at 540 (explaining that "the Government must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees."). It appears that Huffman's primary concern is not necessarily that the strip search occurred but that it occurred on camera. However, considering state officials' interests in maintaining safety and security, courts have determined that video surveillance is not unreasonable. *See e.g. Rivers v. Redd*, No. 7:25-cv-00537, 2025 WL 2627430, at *2 (W.D. Va. Sept. 11, 2025) (citing *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("[w]hatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom,

---

does not state any factual allegations regarding their personal involvement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (providing that under § 1983, plaintiffs must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation).

showering, or sleeping in the nude, are outweighed by institutional concerns for safety.")). Therefore, Huffman has not pled sufficient facts to demonstrate a violation of his constitutional rights.

Accordingly, based on the foregoing, I will summarily DISMISS the Complaint without prejudice under § 1915A(b)(1) for failure to state a claim on which relief may be granted.

Furthermore, the Motion for Leave to Proceed in Forma Pauperis will be granted.

A separate Final Order will be entered herewith.

DATED: December 5, 2025

/s/ JAMES P. JONES
Senior United States District Judge